```
UNITED STATES DISTRICT COURT                    (ECF)
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -:
MICHAEL SCHILLER, et al.,           :   04 Civ. 7922 (RJS) (JCF)
                                    :
          Plaintiffs,               :
                                    :
     - against -                    :
                                    :
THE CITY OF NEW YORK, et al.,       :
                                    :
          Defendants.               :
- - - - - - - - - - - - - - - - - -:
HACER DINLER, et al.,               :   04 Civ. 7921 (RJS) (JCF)
                                    :
          Plaintiffs,               :
                                    :
     - against -                    :        MEMORANDUM
                                    :        AND  ORDER
THE CITY OF NEW YORK, et al.,       :
                                    :
                                    :
          Defendants.               :
- - - - - - - - - - - - - - - - - -:
```
JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

Counsel are now completing the depositions of various officials of the New York City Police Department (the "NYPD") in these cases concerning arrests that took place during the 2004 Republican National Convention (the "RNC"). These depositions had been held in abeyance while the parties litigated the discoverability of intelligence documents utilized by the NYPD in formulating certain policies implemented at the RNC. When the depositions were about to resume, the defendants asked that I impose time limits on the examinations. I declined to do so, but

indicated that the defendants could move for a protective order if the questioning became abusive. (Order dated Oct. 28, 2010 at 3).

The continued deposition of Chief of Department Joseph Esposito proceeded on February 11, 2011. However, after some discovery had been taken, defendants' counsel halted the deposition on the basis that the questioning was duplicative of Chief Esposito's prior examination and had strayed beyond those topics allowed in the renewed deposition. The defendants now move for a protective order (1) striking questions that were repetitive or fall outside the scope of permissible examination and (2) limiting the questioning of Chief Esposito to an additional two hours. (Letter of Gerald S. Smith dated Feb. 18, 2011 at 12). The plaintiffs oppose the defendants' application and cross-move for an order (1) barring Chief Esposito from conferring with defense counsel about the substance of the deposition or about counsel's submissions in connection with the instant dispute until the deposition is complete, (2) granting leave for the plaintiffs to seek further relief if Chief Esposito alters his testimony from that given prior to the interruption of his continued deposition, (3) shifting to the defendants the costs incurred by plaintiffs' counsel in attending Chief Esposito's deposition, and (4) precluding the defendants from contesting certain issues. (Letter of Christopher Dunn dated Feb. 25, 2011 at 11-12; Letter of

2

Jonathan Moore and Clare Norins dated Feb. 25, 2011 at 3).  I will address each issue in turn.

The Defendants Application

The defendants construe my prior orders too narrowly.  There is no doubt that I directed plaintiffs' counsel to avoid repetitious questioning and to focus on specific subject areas, chiefly related to the intelligence documents produced after Chief Esposito's prior examination and information as to which the defendants' claims of privilege were overruled.  However, that does not mean, for example, that each question must reference a newly produced document.  In order to focus the examination, plaintiffs' counsel will necessarily ask predicate questions that will relate to prior testimony.  Further, the new documents have provided plaintiffs' counsel with additional knowledge that they are entitled to use now in questioning Chief Esposito, even if they do not refer to specific documents while doing so.  I have reviewed the transcript excerpts from the initial deposition as well as the full transcript of the continued examination, and I do not find the questioning of plaintiffs' counsel to have been unduly repetitious or inappropriate in scope.

Even if there were merit to the defendants' complaints, the relief they request would be unwarranted.  It hardly makes sense to "strike" repetitious questioning since, if it were truly

3

repetitious, the plaintiffs could still rely on the original testimony. In addition, limiting additional questioning to two hours would be highly prejudicial to the plaintiffs. Chief Esposito is a key witness on issues central to this litigation. His renewed deposition is occasioned in part by the defendants' failure to produce relevant documents in a timely manner. And, thus far, only one attorney representing certain of the plaintiffs had an opportunity to reopen questioning.

The Plaintiffs' Application

The plaintiffs' request to limit communications between defense counsel and Chief Esposito pending completion of his deposition is based on the argument that the defendants' attorneys halted the deposition only when the witness contradicted testimony he had given in an earlier session; in essence, the plaintiffs seek to lock Chief Esposito into his current testimony. But the complaints of defense counsel about the conduct of the deposition long preceded the testimony to which the plaintiffs now refer. Plaintiffs' counsel will have ample opportunity to explore any inconsistencies in Chief Esposito's testimony without the need for a court order limiting defense counsel's contact with the witness. Plaintiffs' counsel may, of course, seek any appropriate relief with respect to inconsistent testimony; they do not need the Court's leave now to make a future application. The questioning by

plaintiffs' counsel, while not warranting the limitations sought by the defendants, was wide-ranging enough that neither the defendants' determination to halt the deposition nor their application for a protective order was frivolous. An award of costs to the plaintiffs is therefore unjustified. Finally, the defendants' conduct is certainly not egregious enough to warrant an order of preclusion.

Conclusion

For the reasons set forth above, both the defendants' motion for a protective order and the plaintiffs' motion for sanctions and other relief are denied.

SO ORDERED.

*James C. Francis IV*

JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

Dated: New York, New York
       March 10, 2011

Copies mailed this date:

Christopher Dunn, Esq.
New York Civil Liberties Union
125 Broad Street, 17th Floor
New York, New York  10004

Jonathan C. Moore, Esq.
Clare Norins, Esq.
Beldock Levine & Hoffman LLP
99 Park Avenue
New York, New York 10016

Andrea J. Ritchie, Esq.
995 President Street
Brooklyn, New York 11225

Gerald S. Smith, Esq.
Senior Counsel
City of New York Law Department
100 Church Street
New York, NY 10007